**Robert A. WILLIAMS, Plaintiff,**

v.

**Marvin FARRIOR, Defendant.**

**Civ. A. No. E85–0131(L).**

United States District Court,
S.D. Mississippi, E.D.

Jan. 14, 1986.

---

**2.** When the contract was executed, HUD's authority was under Section 1749a(c)(9).

**3.** Gross mistake necessarily includes bad faith or a failure to exercise an honest judgment. *Stiers Bros. Const. Co. v. Moore*, 158 S.W.2d 253, 257 (Mo.App.1942).

Robert A. Williams, Parchman, Miss., for plaintiff.

William A. Patterson, McCoy, Wilkins, Noblin, Anderson & Stephens, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of defendant Marvin Farrior to dismiss or for summary judgment pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure. Pro se plaintiff Robert Williams has filed no response to defendant's motion, but the court has closely examined plaintiff's complaint together with defendant's memorandum brief in considering the motion.

In his pro se complaint, plaintiff asserts a cause of action under 42 U.S.C. § 1983 claiming that certain actions of the defendant deprived him of rights secured by the United States Constitution. Plaintiff is presently incarcerated at the Mississippi State Penitentiary serving a sentence on a burglary conviction returned in the Circuit Court of Wayne County, Mississippi. Defendant Marvin Farrior is the Sheriff of Wayne County, and he is sued in both his individual and official capacities. Plaintiff requests both compensatory and punitive damages against Farrior, plus declaratory and injunctive relief.

On February 6, 1984, plaintiff was arrested by members of the Waynesboro, Mississippi Police Department and charged with burglary. On February 13, 1984, he was brought before the Municipal Court Judge in Waynesboro, whereupon he waived his right to a preliminary hearing. Bond was set in the amount of $5,000.00. On February 15, 1984, an agent for Delta Bonding Company of Quitman, Mississippi appeared at the Wayne County Jail, to which Williams had been transferred, and signed Williams' bond. Williams was released and remained under bond pending his arraignment on the burglary charge.

Plaintiff was arraigned before Wayne County Circuit Court Judge Lester Williamson on July 11, 1984. At the arraignment,

the Assistant District Attorney informed Judge Williamson that Delta Bonding Company, which appeared as surety on Williams' bond, had taken bankruptcy and that the bond was therefore void. Judge Williamson then instructed plaintiff that he could be released pending trial on the same $5,000.00 bond provided that he could locate another bonding company to sign his bond. Plaintiff's bond was reset at $5,000.00 by order of the court dated July 12, 1984.

On July 20, 1984, Whitney J. Carvin, a representative of Thornton Bonding Company of Gulfport, Mississippi, appeared at the Wayne County Jail for the purpose of signing Williams' bond. Carvin's services were solicited by Williams' wife while he remained incarcerated. At the jail, Carvin was confronted by Sheriff Farrior, who allegedly informed Carvin that he would not approve that bond or any other on that day. Farrior contends that he was exercising his discretion and, indeed, his obligation to review the sufficiency of a bail-bond pursuant to Miss.Code Ann. § 99–5–19 (1972).[1] As Carvin and the bonding company he purported to represent were unknown to Sheriff Farrior, and under § 99–5–19 a sheriff approving an insufficient bond is personally liable thereon, Farrior takes the position that his actions in denying Williams' bond were fully in compliance with the requirements of the Mississippi bail statutes and the Mississippi Constitution. It is undisputed that Williams remained incarcerated until his trial and conviction on the burglary charge on July 26, 1985.

Williams' complaint in this cause alleges *inter alia* that Farrior's action violated his constitutional right to bail assertedly provided under the Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.[2] It is now well settled that a plaintiff must show two essential elements to establish a cause of action under 42 U.S.C. § 1983: that the conduct complained of must have been committed by a person acting under color of state law; and that the conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984). In addition, a § 1983 plaintiff who, as here, seeks civil damages from an individual defendant must show that the actions of such defendant violated clearly established law of which a reasonable person in the defendant's position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). There is no dispute between the parties that Farrior was at all relevant times acting under color of state law for § 1983 purposes. Thus, the critical issue presented by defendant's motion is whether a criminal defendant not charged with a capital offense has an absolute right to release on bail under the United States Constitution which may not be impinged upon by state regulation of bail procedures.

The difficulty in addressing this issue from a § 1983 perspective is defining the limits of the constitutional right to reasonable bail. For purposes of the Fourteenth Amendment's Equal Protection Clause, it is clear that a bail system which allows only monetary bail and does not provide for any meaningful consideration of other possible alternatives for indigent pretrial detainees infringes on both equal protection and due process requirements. *See Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir.1978); *Lee v. Lawson*, 375 So.2d 1019 (Miss.1979). In *Lee*, the Mississippi Supreme Court stated that defendants not

---

**1.** Miss.Code Ann. § 99–5–19 provides:

If any sheriff neglect to take a bail-bond, or if the same, from any cause, be insufficient at the time he took and approved the same, on exceptions taken and filed before the close of the next term, after the same should have been returned, and upon reasonable notice thereof to said sheriff he shall be deemed and

stand as special bail, and judgment shall be rendered against him as such.

**2.** Plaintiff also alleges that Farrior's action deprived him of certain rights secured by the First Amendment, a claim which this court cannot even liberally construe as having any foundation in law or fact.

charged with committing heinous or violent crimes are presumed to be entitled to be released on their own recognizance. 375 So.2d at 1024. Such presumption, however, does not mean that every person accused of a crime should be released on his own recognizance; that decision rests in the sound discretion of the judicial officer. *Id.*[3] Thus, even under the strict judicial scrutiny directed at state bail procedures for Fourteenth Amendment purposes, there is no absolute right to release on bail. The Fourteenth Amendment simply does not provide the absolute entitlement to pretrial release asserted by Williams.

Williams' claim of absolute entitlement under the Eighth Amendment must also fail. The parameters of the Eighth Amendment's prohibition of excessive bail, and indeed the constitutional limitations on the availability of bail in general, were delineated by the United States Supreme Court in *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951). In *Stack*, the court stated that,

> ... federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. (citations omitted). Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

342 U.S. at 4, 72 S.Ct. at 3. (emphasis original).

The Court further noted, however, that an absolute requirement of release on bail is not necessary to preserve the presumption of innocence, stating,

> The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. (citations omitted). Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. (citations omitted).

> Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant.

342 U.S. at 4–5, 72 S.Ct. at 3.

The analysis under the Eighth Amendment's prohibition of excessive bail involves a balancing of the pretrial detainee's right to participate fully in the preparation of his case and, more broadly, to be free from punishment prior to conviction, against the state's interest in ensuring his presence at a later trial. The "ultimate inquiry" in such cases is whether the bond amount is "necessary to reasonably assure defendant's presence at trial." *Pugh v. Rainwater*, 572 F.2d at 1057.

■ As stated previously, plaintiff does not allege in his complaint that the amount of his bond was unreasonably excessive, or that it bore no relationship to what was necessary to assure his presence at trial. Nor does plaintiff allege that, as an indigent, he was entitled to be released on his own recognizance, a finding this court cannot make upon the bare record before it.

---

**3.** While Williams' complaint does not attack the constitutionality of the bail procedures under Mississippi law, or the decision of Judge Williamson in resetting bail in the amount of $5,000.00, the court notes that in *Lee* the Mississippi Supreme Court set forth eight factors for the judicial officer to consider in setting bail. 375 So.2d at 1024. These factors establish a presumption that the detainee is entitled to pretrial release on his own recognizance, and the incorporation of these factors into the Mississippi bail procedures represents clear compliance with equal protection requirements. This court is further of the opinion that the $5,000.00 bail was reasonable under the circumstances and that Judge Williamson was within the proper scope of his discretion in setting such bail.

Rather, plaintiff's complaint centers on the allegation that a state official cannot constitutionally deny release to a pretrial detainee based upon a finding that the detainee's proffered surety is insufficient. In essence, plaintiff's contention is that denial of release on bail is denial of bail, and therefore such denial is *per se* excessive bail under the Eighth Amendment.

 The court cannot agree. Since *Stack v. Boyle,* the constitutional right to bail has been conditioned upon the detainee's giving adequate assurance that he will appear at trial. Under Mississippi law, the determination as to the need for a bail bond or the propriety of a personal recognizance release has been vested in the discretion of a judicial officer. *Lee,* 375 So.2d at 1024. Once bail has been set in a sum certain, the duty to review the adequacy of a proffered bondsman has been left to the sheriff, who must satisfy himself as to the reliability of the surety or stand personally liable for the amount of the bond should the surety prove insufficient. *See* Miss. Code Ann. § 99–5–19. To find a constitutional violation in a sheriff's denial of a proffered bondsman would place the sheriff in the untenable position of either approving a surety for whose insufficiency or insolvency he is personally liable or facing personal liability under § 1983. The plaintiff's underlying claim is, therefore, that the statutory bail procedure under Mississippi law violates the United States Constitution, a claim which this court rejects under *Lee v. Lawson,* supra.

Under the factual circumstances presented in this case and the applicable constitutional analysis, this court is of the opinion that the United States Constitution does not grant an unconditional right to release on bail, and that the actions of Sheriff Farrior did not violate plaintiff's constitutional right to have reasonable bail set in his case. Therefore, because plaintiff has failed to allege a constitutional deprivation in Sheriff Farrior's rejection of his prof-

fered surety, this court is without jurisdiction and defendant's motion to dismiss should be granted.[4] *See Lambert v. McFarland,* 612 F.Supp. 1252, 1266–67 (N.D.Ga.1984).

Accordingly, the court concludes that defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted. A separate judgment shall be entered according to the local rules.

---

**4.** The court's finding that there is no unconditional constitutional right to pretrial release on bail makes unnecessary any discussion of the defendant's qualified immunity defense under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).