UNITED STATES of America,

v.

**Pedro GOTAY and Augustus Campbell, Defendants.**

**No. S85 Cr. 180–CSH.**

United States District Court,
S.D. New York.

April 30, 1985.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City, for the U.S.; Michael Kellogg, Asst. U.S. Atty., New York City, of counsel.

Federal Defender Service Unit, The Legal Aid Society, New York City, for defendants; David Gordon, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

By superseding indictment, defendant Campbell has been charged with co-defendant Gotay with conspiring to violate 18 U.S.C. §§ 922(b)(2) and 922(a)(1). Superseding Indictment, Count One. In addition, Campbell has been charged with substantive violations of §§ 922(b)(2), 922(m), and 924(a). *Id.*, Counts Four, Five and Six. These sections relate to unlawful acts involving firearms. If convicted, defendant faces terms totalling five years' imprisonment on each of the four counts in which he is named, together with fines totalling $25,000.

Following his apprehension, Campbell was brought before Magistrate Buchwald. The Government applied for an order of pretrial detention pursuant to 18 U.S.C. § 3142(e). The Magistrate denied that application, and required as bail a $200,000 unsecured bond, to be co-signed by four "financially responsible persons." Campbell was detained because he could not satisfy those terms and conditions. The case was assigned to the undersigned for trial; and thereafter Campbell, through his counsel, applied to the Court for amendment of the conditions of his release. 18 U.S.C. § 3145(a)(2).

At first I ruled that I would reduce the number of co-signers from four to two, leaving the face amount of the bond at $200,000, if ten percent cash security, or $20,000, was furnished. Defendant states that those conditions are equally impossible for him to meet. Instead, he asks that there be no requirement of cash security; and he offers two co-signers of modest means—clearly not "financial responsible" if that phrase is taken to mean an ability to pay the amount specified in the bond if Campbell fails to appear at his trial. Campbell argues that, given his limited economic circumstances and those of his acquaintances, this is all that the law entitles

the trial court to ask of him. He places particular reliance upon the penultimate sentence of 18 U.S.C. § 3142(c). The argument raises interesting questions of construction of the recently enacted Bail Reform Act of 1984.

The penultimate sentence of subsection 3142(c) reads:

"The judicial officer may not impose a financial condition that results in the pretrial detention of the person."

Campbell argues that requirements that a bond be partially secured, or co-signed by persons of demonstrable economic responsibility, both operate to "impose a financial condition"; and where, as here (according to defendant's averments), neither he nor his acquaintances can satisfy that "financial condition," the failure in practical effect "results in the pretrial detention" of Campbell. This is said to violate the quoted provision from subsection 3142(c).

That argument, carried to its logical extreme, would require the release of any defendant sufficiently indigent, and whose family and friends are sufficiently indigent, to prevent them from posting any financial security to assure the defendant's appearance at trial. In short, the more unable the defendant may be to give economic assurances of his appearance, the more he is entitled to be released on bail.

This seems a doubtful proposition, although I would of course accept it if it reflected the clear intent of Congress in passing the Bail Reform Act. But I decline to so construe the statute.

The sentence upon which Campbell relies cannot be taken entirely out of context. The statutory scheme must be considered. Subsection 3142(b) requires the judicial officer to release a defendant on his own recognizance, or upon execution of an unsecured appearance bond, "unless the judicial officer· determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

If release of the defendant on personal recognizance or an unsecured appearance bond does not give sufficient assurance of his appearance or of the community's safety, the judicial officer must then go on to section 3142(c), and consider whether the defendant's release on stated conditions would furnish the requisite assurances. The judicial officer, proceeding under section 3142(c), must impose "the least restricted further condition, or combination of conditions" that the judicial officer determines will reasonably assure the defendant's appearance and the community's safety. 18 U.S.C. § 3142(c)(2). One of the specific options given by the statute, and the option which Magistrate Buchwald chose in the case at bar, requires the defendant to:

"... execute a bail bond with solvent sureties in such amount as is reasonably necessary to assure the appearance of the person as required...."

18 U.S.C. § 3142(c)(2)(L).

I construe an appearance bond with "financially responsible" co-signers as falling within the concept of this subsection.

Subsection 3142(e), which deals with the subject of "detention," provides in its first sentence:

"If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial."

Subsection (e) goes on to deal with rebuttable presumptions requiring detention which arise from circumstances not present in the case at bar.

It is apparent from these provisions that assuring the Court of a defendant's appearance at trial is a central objective sought to be achieved by the statute. That objective must be kept in mind when one considers the sentence in subsection (c), stressed by Campbell, that the judicial officer "may not impose a financial condition that results in the pretrial detention of the person."

■ Thus we come to the case at bar. The Magistrate refused the Government's application for pretrial detention under subsection (e), but regarded Campbell as inappropriate for release on personal recognizance or unsecured appearance bond under subsection (b). Accordingly the Magistrate provided for Campbell's release on certain economic conditions, acting under subsection (c). Campbell now says he cannot meet those conditions, either as specified by the Magistrate or amended by this Court's first ruling. His argument, based as I have said upon the quoted sentence from subsection (c), is that his indigence and that of his family and friends entitles him to the practical equivalent of a subsection (b) release on personal recognizance or unsecured appearance bond.

I reject that construction because I do not consider it to be consistent with the intent of Congress. The intent of Congress, in respect of the provision upon which Campbell relies, is set forth in S.Rep. No. 98–225, 98th Cong., 1st Sess., at 15–16, U.S.Code Cong. & Admin.News 1984, p. 3182, 3198:

> As discussed above, the Committee was urged in the last Congress to abolish financial conditions of release in order to insure that imposition of excessively high bonds was not used to achieve the detention of dangerous defendants. Although the Committee and the Senate decided to retain financial conditions of release, concern about the potential for such abuse does exist. Consequently, the use of the conditions of release set out in sections 3142(c)(2)(K) and 3142(c)(2)(L) is specifically limited to the purpose of assuring the appearance of the defendant.
>
> "In addition, section 3142(c) provides that a judicial officer may not impose a financial condition of release that results in the pretrial detention of the defendant. The purpose of this provision is to preclude the sub rosa use of money bond to detain dangerous defendants. However, *its application does not necessarily require the release of a person who says he is unable to meet a financial condition of release which the judge has determined is the only form of conditional release that will assure the person's future appearance.* Thus, for example, if a judicial officer determines that a $50,000 bond is the only means, short of detention, of assuring the appearance of a defendant who poses a serious risk of flight, and the defendant asserts that, despite the judicial officer's finding to the contrary, he cannot meet the bond, the judicial officer may reconsider the amount of the bond. If he still concludes that the initial amount is reasonable and necessary then it would appear that there is no available condition of release that will assure the defendant's appearance. This is the very finding which, under section 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing pursuant to section 3142(f) and order the defendant detained, if appropriate. The reasons for the judicial officer's conclusion that the bond was the only condition that could reasonably assure the appearance of the defendant, the judicial officer's finding that the amount of the bond was reasonable, and the fact that the defendant stated that he was unable to meet this condition, would be set out in the detention order as provided in section 3142(i)(1). The defendant could then appeal the resulting detention pursuant to section 3145."

(emphasis added; footnote omitted).

In the case at bar, the point arises not during the subsection (f) detention hearing before the Magistrate, but rather on defendant's application to the district court for review of the Magistrate's release order. 18 U.S.C. § 3145(a)(2). But the same statutory principles apply.

The crimes charged in the indictment against defendant are serious. While intimating no view as to what the sentence would actually be in the event of conviction, I think it fair to say that the terms of imprisonment the defendant faces at least potentially are significant. He has no particular family roots in the community. These factors combined to give the Magis-

trate legitimate concern with respect to assurances of the defendant's appearance at trial. I share that concern. Accepting *arguendo* that defendant cannot comply with the economic conditions of release, as set by the Magistrate or suggested by the Court in my first ruling, the legislative history of the statute makes it clear that Campbell's release is not "necessarily require[d]." In this case, I conclude that the better course is to continue in effect those terms and conditions of release which will assure the defendant's appearance at trial.

Accordingly the application of defendant Campbell for a review and amendment of the conditions of his release is denied.

It is SO ORDERED.