**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luis Terry WONG–ALVAREZ,**
**Defendant-Appellant.**

No. 85–5448.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 1985.

James D. McMaster, McMaster Forman & Miller, P.A., Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Thomas Blair, Asst. U.S. Atty., Leon Kellner, U.S. Atty., Linda Hertz, Jon May, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and ATKINS *, District Judge.

PER CURIAM:

A magistrate set a pretrial detention bond for Wong-Alvarez at $500,000 personal surety (secured by property) and $350,000 corporate surety. Wong-Alvarez filed a motion styled "Motion to Reduce Bond and/or Pre-Trial Detention Hearing." The motion alleged that he is unable to make the bond and asked that the amount be reduced. Despite the caption the motion made no request for a pretrial detention hearing, in fact did not refer to such a hearing except to say that the government had not asked for one. The magistrate conducted a hearing and thereafter denied the motion without comment. Wong-Alvarez filed an appeal to the district court from the magistrate's order and therein asked for a reduction of the bond. The district judge affirmed the magistrate's order. Wong-Alvarez now seeks to appeal to this court.

Appellant relies upon the next to last sentence of 18 U.S.C. § 3142(c):

The judicial officer may not impose a financial condition that results in the pretrial detention of the person.

He contends that if a pretrial detainee cannot make the financial provisions of a bond he is then held in detention in violation of the statute. We reject this sweeping contention.

The same argument was made in *U.S. v. Gotay*, 609 F.Supp. 156 (S.D.N.Y.1985), where the court said:

That argument carried to its logical extreme, would require the release of any defendant sufficiently indigent, and whose family and friends are sufficiently indigent, to prevent them from posting any financial security to assure the defendant's appearance at trial. In short, the more unable the defendant may be to give economic assurances of his appearance, the more he is entitled to be released on bail [i.e., without security].

*Id.* at 157. That court went on to state that it rejected the construction urged because it was not consistent with the intent of Congress. *Id.* at 158. Also, the contention is inconsistent with the carefully structured system that § 3142 requires. Subsection (b) provides for pretrial release on personal recognizance or an unsecured appearance bond. If the judicial officer determines that the release described in subsection (b) will not reasonably assure appearance of the person as required or will endanger the safety of any other person or the community, he shall order pretrial release subject to the least restrictive condition, or combination of conditions, described in subparagraph (c)(2), including, as one of the more restrictive conditions, execution of a bail bond with solvent sureties in such amount as reasonably necessary to assure appearance and the safety of the community. Under Wong-Alvarez's con-

---

* Honorable C. Clyde Atkins, U.S. District Judge for the southern District of Florida, sitting by designation.

tention, if the detainee is financially unable to meet the more stringent condition of a bond with solvent sureties he is entitled to freedom without any financial conditions.

■ There is language in the legislative history saying that if a detainee cannot meet a financial bond the judicial office· may reconsider the amount, and if the judicial officer concludes that the amount is reasonable and necessary, he then "may proceed" with a detention hearing pursuant to § 3142(f) and order the defendant detained if appropriate. S.Rep. No. 98–225, 98th Cong., 1st Sess., p. 16, *reprinted in* 1984 U.S. Code Cong. & Ad.News at 3199. Compare *Gotay, supra.* This possibility is not presented to us; moreover, it raises a number of difficult questions that we decline to reach in this case. In this instance neither magistrate nor district court has stated in writing the reasons for requiring a bond with the types and amounts of surety described above, as commanded by Rule 9 FRAP. We must remand the case for entry of such an order, which should be entered promptly. The order may be filed as a supplemental record, and this case will then be ripe for review.[1]

A limited remand is therefore OR-DERED.

---

1. Wong-Alvarez contends that Canada seeks to extradite him and that the United States has not timely acted on an extradition order, which is the subject of a separate, pending motion to discharge for failure of the government to act as required. Wong-Alvarez asserts that he is being double-teamed by being detained under an excessive bond in the S.D. Florida case and by being improperly held without being extradited within the time permitted and without a hearing on his motion to discharge. The extradition matter is not before this court, but if appropriate for consideration it can be addressed by the district court at the same time that it enters an order setting out reasons for requiring a financial bond.