UNITED STATES of America, Appellee,

v.

Vito BADALAMENTI,
Defendant-Appellant.

No. 802, Docket 87–1004.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 13, 1987.
Decided Jan. 29, 1987.

Robert Koppelman, New York City, for defendant-appellant.

Louis J. Freeh, Warren Neil Eggleston, Asst. U.S. Attys., New York City, for appellee.

Before NEWMAN, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

Vito Badalamenti appeals from a December 29, 1986, order of the District Court for the Southern District of New York (Pierre N. Leval, Judge) denying his motion to reduce bail, which has been set at $1.5 million. Badalamenti has been in pretrial custody since April 8, 1984, when he was arrested in Spain on an extradition warrant. His initial appearance before the District Court, following extradition, occurred on March 29, 1985. His trial and that of numerous co-defendants began on September 30, 1985, and is expected to continue for some additional time.

Badalamenti contends that the length of his confinement—33 months by the date this appeal was submitted—exceeds the limits of the Due Process Clause. He relies on our decision in *United States v. Gonzales Claudio*, 806 F.2d 334 (2d Cir. 1986). That decision involved a defendant denied bail under the preventive detention provisions of 18 U.S.C. § 3142(e) (Supp. III 1985) because of risk of flight. We ruled that his confinement, which had lasted 14 months when his appeal was argued and was scheduled to last several more months before his trial was scheduled to start, exceeded the limits of Due Process in view of the length of his confinement, the degree of risk of flight he presented, and the extent to which the Government bore responsibility for the pretrial delay. Badalamenti relies on the length of his confinement. The Government counters with evidence indicating that Badalamenti presents an extremely high risk of flight and that the pretrial delay has been caused primarily by the defendant's conduct in forestalling extradition.

Before resolving the constitutional issue, we encounter a statutory issue that must be decided first. That issue is whether there has been a violation of 18 U.S.C. § 3142(c) (Supp. III 1985), which provides:

> The judicial officer may not impose a financial condition that results in the pretrial detention of the [defendant].

Unfortunately, that issue has not been briefed by the parties, nor has the District Court made findings necessary for its resolution. Though a high bail has been set and Badalamenti remains in custody, it does not necessarily follow that the financial condition of his release is what has caused his detention. We do not know whether the defendant has elected not to post a bail he is capable of posting, and, if he is unable to post bail of $1.5 million, what amount of bail he can post. Accordingly, we remand to the District Court to determine whether the financial condition imposed by the Court is the cause of the pretrial detention and to make such subsidiary findings as may be necessary to determine that question. Depending on the Court's determination with respect to the factual issues, Judge Leval will then be in a position to consider the question of compliance with the quoted language of section 3142(c), and, depending on the resolution of that question, to consider the availability and appropriateness of pretrial detention pursuant to section 3142(e). We intimate no views on any aspect of these issues.

Remanded for further proceedings consistent with this opinion.