**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Richard McCONNELL,
Defendant-Appellant.**

**No. 87–6284
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 30, 1988.
Rehearing and Rehearing En Banc
Denied May 9, 1988.

Dick DeGuerin, Roland E. Dahlin II, Tom Berg, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

John Patrick Smith, Asst. U.S. Atty., Scott Woodward, Houston, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Contending that the district court required an excessive amount of bail as a condition of pretrial release, John Richard McConnell appeals. He also seeks a release from incarceration pending appeal. We find no violation either of the eighth amendment or of 18 U.S.C. § 3142(c) in the setting of the amount of bail. The motion for release pending appeal is denied.

## Background

McConnell and several codefendants were indicted by a grand jury in the Southern District of Texas on October 29, 1987. McConnell is charged with two counts of bank fraud, 18 U.S.C. § 1344, and two counts of conspiracy to commit bank fraud, 18 U.S.C. § 371. These charges arise out of an alleged scheme which involved sums in excess of four million dollars. Each count carries a maximum penalty of five years imprisonment and a fine of $250,000. McConnell learned of the indictment within two days of its return. His attorney promptly contacted federal authorities and attempted to negotiate a plea in conjunction with McConnell's surrender, but the prosecutor declined to negotiate with a fugitive. On November 17, 1987 McConnell voluntarily surrendered by informing the authorities of his arrival in Houston on a flight from Mexico, traveling on tickets purchased through a travel agency in Canada. McConnell was taken into custody at Customs.

On November 18, 1987 McConnell was brought before a federal magistrate who ordered his detention pending trial. The magistrate concluded that McConnell posed a risk of flight and no conditions of release envisioned by 18 U.S.C. § 3142(c) reasonably would assure his appearance at trial. McConnell appealed to the district court under 18 U.S.C. § 3145(b). Following a hearing the district court set aside the detention order and entered an order of pretrial release, imposing several conditions, including the execution of a surety bond in the amount of $750,000.[1]

1. McConnell contests only the amount of the bond. He indicates willingness and ability to

McConnell sought reconsideration of the financial component, asking that the bond amount be reduced to $250,000. The record reflects that the $750,000 surety bond would require a non-refundable fee of $112,500 and full collateralization. McConnell asserts that he cannot meet this requirement, noting that all of his assets presently are frozen in bankruptcy. The government does not contest his inability to meet the bond conditions. Following a hearing the district court rejected McConnell's motion. On appeal we returned the matter to the district court for entry of written reasons, Fed.R.App.P. 9(a).

The district court has now assigned reasons for the various conditions of release. Particularly significant to the condition under challenge, the court considered: the circumstances surrounding the alleged offenses, McConnell's prior criminal record, his lack of strong family and other ties to the Houston community, his limited employment prospects and financial resources, the manner in which he responded to the indictment, and his failure to appear at bankruptcy hearings. The district court concluded "that stringent conditions are required to insure McConnell's presence at time of trial."

comply with the other conditions which prescribe that:

(1) Defendant shall attend all creditors meetings in which he is notified to appear concerning his bankruptcy proceeding, shall cooperate with the Trustee in Bankruptcy, and shall otherwise cooperate with all bankruptcy proceedings. This condition of cooperation does not waive or prohibit the invocation of Defendant's constitutional rights. Notice to Defendant shall be sufficient if such notice is served upon Defendant's attorney of record in the instant case.

(2) Defendant's travel shall be restricted to Harris County, Texas, and Galveston County, Texas.

(3) Defendant shall reside in Harris County, Texas, and shall provide this Court, under seal if he desires, his address in Harris County and a Harris County telephone number where he may be reached at all times without utilization of call forwarding; he shall promptly advise this Court in the same manner of any change in his address or telephone number.

## Analysis

McConnell maintains that the imposition of a financial condition of bail which a defendant cannot meet violates the eighth amendment and the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50. We are persuaded by neither claim.

■ The Supreme Court has made clear that bail is excessive under the eighth amendment[2] when set in an amount greater than that required for reasonable assurance of the presence of the defendant. *United States v. Salerno*, 481 U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). But a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement. *See generally, Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir.1978). *See also United States v. James*, 674 F.2d 886 (11th Cir.1982); *United States v. Beaman*, 631 F.2d 85 (6th Cir.1980); *Williams v. Farrior*, 626 F.Supp. 983 (S.D.Miss. 1986).

■ The setting of bail is a matter committed to the sound discretion of the district court. We review the exercise of that discretion only for abuse. *United States v. Golding*, 742 F.2d 840 (5th Cir.1984). That

(4) Defendant shall personally report on a weekly basis to Pretrial Services Agency on the eighth floor of the United States Courthouse, 515 Rusk, Houston, Texas. Defendant shall also advise Pretrial Services of his address and telephone number.

(5) Defendant shall commit no crime or offense during the period of his release.

(6) Defendant shall remain gainfully employed during the period of his release.

(7) Defendant shall avoid contact with and shall not tamper with or retaliate against any witness or alleged victim connected with the instant case or his bankruptcy matters outside of court appearances.

(8) Prior to release, Defendant shall surrender to the Court under seal his passport, and such passport shall not be delivered or exhibited to any person without a further order of this Court, after notice and hearing to Defendant and his attorney.

**2.** The eighth amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

standard of review was applicable prior to the 1984 Bail Reform Act and its amendments. We conclude that it is still the proper standard of review.[3]

■ In the case at bar the trial court detailed the reasons it considered a very substantial bail setting "reasonably necessary to assure the appearance of [McConnell]." 18 U.S.C. § 3142(c)(1)(B)(xii). After considering the reasons assigned, in light of the record developed in the several hearings on this subject, we are not prepared to say that the trial court abused its discretion in setting bail at $750,000 and declining to reduce that amount. The bail conditions are triggered by two considerations: reasonable assurance of the appearance of the defendant and the safety of other persons and the community in general. § 3142(c)(1). Although the district court obliquely alluded to the latter, it is clear that the court was motivated by concern that McConnell might flee. That concern finds adequate support in the record. McConnell's constitutional challenge founders.

That conclusion leads to our review of McConnell's contention that because he is financially incapable of satisfying the $750,000 bail requirement, the setting of bail in that amount violates § 3142(c)(2). Section 3142(c)(2) provides: "The judicial officer may not impose a financial condition that results in the pretrial detention of the person." McConnell's challenge presents a case of first impression.

McConnell would have us construe the language of this subsection in isolation. Under his construction, the district court could never set bail in an amount beyond the defendant's ability to post. We find such a construction inconsistent with the total fabric of the Bail Reform Act of 1984, as amended in 1986, inconsistent with apparent congressional purpose, and not supported by the legislative history. In reaching this conclusion we have found helpful the opinions by our circuit colleagues in *United States v. Maull,* 773 F.2d 1479 (8th Cir.1985), and *United States v. Jessup,* 757 F.2d 378 (1st Cir.1985).

The legislative history is particularly enlightening. The Senate Report on § 3142(c) informs:

In addition, section 3142(c) provides that a judicial officer may not impose a financial condition of release that results in the pretrial detention of the defendant. The purpose of this provision is to preclude the sub rosa use of money bond to detain dangerous defendants. However, its application does not necessarily require the release of a person who says he is unable to meet a financial condition of release which the judge has determined is the only form of conditional release that will assure the person's future appearance. Thus, for example, if a judicial officer determines that a $50,000 bond is the only means, short of detention, of assuring the appearance of a defendant who poses a serious risk of flight, and the defendant asserts that, despite the judicial officer's finding to the contrary, he cannot meet the bond, the judicial officer may reconsider the amount of the bond. If he still concludes that the initial amount is reasonable and necessary then it would appear that there is no available condition of release that will assure the defendant's appearance. This is the very finding which, under section 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing pursuant to section 3142(f) and order the defendant detained, if appropriate. The reasons for the judicial officer's conclusion that the bond was the only condi-

---

**3.** In *United States v. Fortna,* 769 F.2d 243 (5th Cir.1985), we stated that a trial court's pretrial detention order must be sustained "if it is supported by the proceedings" in that court. *See United States v. Trosper,* 809 F.2d 1107 (5th Cir.1987); *United States v. Westbrook,* 780 F.2d 1185 (5th Cir.1986). In formulating this standard, we relied upon the *Golding* abuse of discretion review of bail settings. *Fortna,* 769 F.2d at 250. In a subsequent case, we suggested that the two standards were equivalent. *United States v. Cantu-Salinas,* 789 F.2d 1145 (5th Cir. 1986) (district court did not abuse its discretion in detaining the defendant without bail. The underlying findings of fact were not clearly erroneous, and the detention order was "supported by the proceedings" below).

tion that could reasonably assure the appearance of the defendant, the judicial officer's finding that the amount of the bond was reasonable, and the fact that the defendant stated that he was unable to meet this condition, would be set out in the detention order as provided in section 3142(i)(1). The defendant could then appeal the resulting detention pursuant to section 3145.

S.Rep. No. 225, 98th Cong.2d Sess. 16, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3199.[4]

As we perceive the totality of the Bail Reform Act, as amended, there is no conflict. Congress expanded the availability of bail, proscribing the setting of a high bail as a *de facto* automatic detention practice. Congress also made manifest that the relaxed-release requirements were not to be universally applied. Congress directed and empowered the judicial officer to impose conditions of release designed to secure reasonable assurance of the defendant's appearance and the safety of others. Among the fourteen illustrative conditions enumerated by Congress are the forfeiture

and monetary requirements. Under § 3142(c)(1)(B)(xi) the judicial officer may require the defendant to

execute an agreement to forfeit upon failing to appear as required, such designated property, including money, as is reasonably necessary to assure the appearance of the person as required, and post with the court such indicia of ownership of the property or such percentage of the money as the judicial officer may specify.

Under § 3142(c)(1)(B)(xii) the judicial officer may require the defendant to "execute a bail bond with solvent sureties in such amount as is reasonably necessary to assure the appearance of the person as required."

Should the judicial officer conclude that a large bond is an essential part of a package of conditions designed to secure a reasonable assurance of the defendant's appearance, and the record contains a reasonable basis for that conclusion, the conditions would be neither constitutionally nor statutorily infirm.[5] *See* S.Rep. No. 225, 1984

4. Several courts have had a certain amount of difficulty with the statutory language advanced by McConnell. For example, *see United States v. Auriemma,* 773 F.2d 1520 (11th Cir.1985); *United States v. Orta,* 760 F.2d 887, 892 n. 22 (8th Cir.1985); *United States v. Resek,* 602 F.Supp. 1126 (S.D.N.Y.1985). *But see, United States v. Jessup,* 757 F.2d 378 (1st Cir.1985); *United States v. Gotay,* 609 F.Supp. 156 (S.D.N.Y.1985). We align ourselves with the latter.

5. Although McConnell does not complain about the absence of a formal hearing, we remind that the detention hearing is a critical component of the Bail Reform Act. Sections 3142(e) and (f) provide in full:

(e) **Detention.** If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local

offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a) [21 USCS § 955a], or an offense under section 924(c) of title 18 of the United States Code [21 USCS § 924(c)].

(f) **Detention hearing.** The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set

U.S.Code Cong. Admin.News at 3199; *United States v. Badalamenti*, 810 F.2d 17 (2d Cir.1987).

When no attainable conditions of release can be put into place, the defendant must be detained pending trial. In such an instance, the court must explain its reasons for concluding that the particular financial requirement is a necessary part of the conditions for release. It is sufficient for the court to find by a preponderance of evidence that the defendant poses a serious risk of flight. *United States v. Trosper*, 809 F.2d 1107 (5th Cir.1987); *United States v. Fortna*, 769 F.2d 243 (5th Cir.1985); *United States v. Medina*, 775 F.2d 1398 (11th Cir.1985); *United States v. Askari*, 608 F.Supp. 1045 (D.C.Pa.1985); *United States v. Kouyoumdjian*, 601 F.Supp. 1506 (C.D.Cal.1985). Pretrial detention based on risk of flight does not violate the eighth amendment. *United States v. Winsor*, 785 F.2d 755 (9th Cir.1986). The same applies to detention based on future danger to specific persons or the community. *United States v. Salerno*, 481 U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

The court has found that only a substantial financial component will yield a reasonable assurance of McConnell's appearance.

AFFIRMED.

forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a) [21 USCS § 955a]; or

(D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, the person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.