**UNITED STATES, Appellee,**

v.

**Nelson MANTECON–ZAYAS,
Defendant, Appellant.**

**No. 91–2110.**

United States Court of Appeals,
First Circuit.

Nov. 25, 1991.

J.C. Codias on Memorandum in Support of Appeal from Conditions of Release.

James M. Messer, Trial Attorney, U.S. Dept. of Justice, on Memorandum in Opposition to Appeal from Conditions of Release.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

The appellant, Nelson Mantecon–Zayas, was indicted on federal drug charges by a grand jury in the Southern District of Florida in late 1990. Although a magistrate-judge initially ordered Mantecon–Zayas detained pending trial, a district judge later ordered him released subject to several conditions, foremost among them the posting of a $200,000 bond.[1] Mantecon–Zayas posted the bond and obtained his release pending trial on the Florida charges.

In September 1991, Mantecon–Zayas was indicted again on federal drug charges, this time by a grand jury in the District of Puerto Rico. He surrendered to federal authorities in the Southern District of Florida, where he resides, and appeared initially before a magistrate-judge sitting in that district. The magistrate ordered the matter instituted by the second indictment removed to the District of Puerto Rico. He also ordered Mantecon–Zayas released pending trial on those charges, subject to a number of conditions, including an additional bond of $50,000.[2]

The government appealed this release order, asking the district court in the District of Puerto Rico to detain Mantecon–Zayas pending trial on the new charges. The district court held a detention hearing, directed Pretrial Services to submit an "assessment and recommendation regarding defendant's flight risk and danger to the community," and then, after receiving the Pretrial Services report, denied the government's request for pretrial detention and issued its own release order that, for the most part, reiterated the conditions of release imposed by the magistrate.

The district court, however, amended the conditions of release in two ways. First, it ordered that Mantecon–Zayas report to Pretrial Services on a daily basis rather than thrice weekly. Second, and more significant for purposes of this appeal, it raised the bond requirement from $50,000 to $200,000.

Mantecon–Zayas asked the district court to reconsider the amount of bail. His attorney represented that Mantecon–Zayas "simply does not have any more properties or assets to satisfy this Honorable Court's bond increase to [a total of] $400,000, although this Defendant will abide by the other terms of his release." The district court endorsed its denial on the motion, and this appeal followed.

Mantecon–Zayas challenges only the financial condition of the release order. He asks us to reconfigure the bond to $50,000, the amount originally set by the Florida

---

**1.** The release order also required Mantecon–Zayas to report to Pretrial Services three times a week, and to "comply with all other standard conditions of bond."

**2.** The magistrate also (1) prohibited Mantecon–Zayas from possessing firearms or other weapons, (2) subjected him to a curfew, with electronic monitoring, (3) ordered him to surrender all travel documents, (4) required him to submit to random urine tests, (5) allowed him to travel only to Puerto Rico from his Florida home, (6) directed him to seek and obtain full-time employment, and (7) enjoined him from approaching marinas and other commercial transportation facilities.

magistrate. In support of this request, Mantecon–Zayas asserts, among other things, that his efforts to raise the $200,000 bond he needed to satisfy the Florida court's release terms left him close to financial exhaustion, and that he is unable to raise the additional $200,000 that the Puerto Rico district court has demanded as a condition of his release pending trial on the charges in the second indictment.[3]

Although he does not make the argument in so many words, we must assume that Mantecon–Zayas thinks that his relative penury entitles him to a lower bond because the Bail Reform Act, 18 U.S.C. § 3142(c)(2), says that a judge or magistrate may not impose "a financial condition that results in the pretrial detention of the person." We might assume, further, that Mantecon–Zayas does not make this argument in so many words because he knows that we have already rejected it. *See United States v. Jessup*, 757 F.2d 378, 388–89 (1st Cir.1985) (when faced with a risk of flight, judge is entitled to set bail at level he finds reasonably necessary; if defendant cannot afford bail, and must be detained pending trial, it is "not because he cannot raise the money, but because without the money the risk of flight is too great"). *See also United States v. McConnell*, 842 F.2d 105, 107–110 (5th Cir.1988); *United States v. Wong–Alvarez*, 779 F.2d 583 (11th Cir.1985); *United States v. Gotay*, 609 F.Supp. 156, 157 (S.D.N.Y.1985).

■ The legislative history on which we relied in *Jessup* says that when a defendant informs the court that the bail amount exceeds his means, the court may nonetheless insist on the financial condition *if* the judge finds that such bail is reasonably necessary to ensure the defendant's presence at trial. This is because the Bail Reform Act authorizes judicial officers to order pretrial detention where no condition or combination of conditions can "reasonably assure" the defendant's presence. In other words, when the defendant cannot meet the conditions that the court thinks will reasonably assure his presence, and the court finds that less stringent conditions (which the defendant, perhaps, *can* meet) will not give adequate assurance, the court is entitled to conclude that detention is necessary until trial. *See* S.Rep. No. 225, 98th Congress, 2d Session at 16, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3199. *See also United States v. McConnell*, 842 F.2d at 110 ("[w]hen no attainable conditions of release can be put into place, the defendant must be detained pending trial").

The legislative history suggests, however, that once a court finds itself in this situation—insisting on terms in a "release" order that will cause the defendant to be detained pending trial—it must satisfy the procedural requirements for a valid *detention* order; in particular, the requirement in 18 U.S.C. § 3142(i) that the court "include written findings of fact and a written statement of the reasons for the detention." *See* S.Rep. No. 225, 98th Congress, 2d Session at 16, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3199.[4]

---

**3.** He also asserts (1) that the Puerto Rico indictment "charges the same identical offenses in the same identical geographic area and with the same identical dates as the previous [i.e., Florida] indictment," and (2) that he "has been found on five different occasions not to be a risk of flight nor a danger to the community by two different United States District Court Judges and by two United States District Court Magistrates." We need not determine what legal import these assertions might carry because the record before us does not support them. First, although the Florida and Puerto Rico indictments both charge Mantecon–Zayas with committing drug offenses between 1989 and 1991, they are otherwise factually distinct. Second, the structure of the Bail Reform Act, 18 U.S.C. § 3142, makes it clear that all of the magistrates and judges who examined Mantecon–Zayas found *some* risk of flight or danger to the community. Had the judicial officers found *no* such risk or danger, they would have been bound by the statute to release Mantecon–Zayas on his own recognizance or on the execution of an unsecured bond. *See* 18 U.S.C. § 3142(b). They were entitled to impose conditions on his release only if they found the need to alleviate a risk of flight or danger to the community. 18 U.S.C. § 3142(c)(1).

**4.** The Senate Report provides in pertinent part:
... If [the court] concludes that the initial amount is reasonable and necessary then it would appear that there is no available condition of release that will assure the defendant's appearance. This is the very finding which,

*See also United States v. McConnell,* 842 F.2d at 110 (when no attainable conditions of release can be implemented, and the defendant must be detained pending trial, "the court must explain its reasons for concluding that the particular financial requirement is a necessary part of the conditions for release").

This the district court did not do. The release order simply lists the conditions that Mantecon–Zayas must satisfy in order to obtain pretrial liberty; it gives no indication of the reasons underlying the district court's calculation of the bond.[5] Nor does the district court's denial-by-endorsement of Mantecon–Zayas' motion for reconsideration tell us why the district court thought a $200,000 bond was necessary in the face of the defendant's representation that he could not afford such a bond.

Insisting that the district court respect this procedural requirement is not merely a matter of form. Although the Bail Reform Act allows the court to insist on a particular bail amount when it concludes that a lesser amount will not reasonably assure the defendant's presence at trial, the statute does not allow "the sub rosa use of money bond" to detain defendants whom the court considers dangerous, but whose dangerousness, for whatever reason, the court cannot document with the clear and convincing evidence that § 3142(f) requires. *See* Senate Report, *supra.* The written statement requirement helps to ensure that the detention provisions of the Act are employed in the proper way for the proper purpose, and that the appellate court's scrutiny, if it is requested, will be properly focused. *See Weaver v. United States,* 405 F.2d 353, 354 (D.C.Cir.1968) (written statement requirement in statute authorizing detention pending appeal requires district

court's reasoning to "be delineated both out of fairness to the appellant and as an aid to [the appellate] court in its role in bail administration"). *See also United States v. Salerno,* 481 U.S. 739, 751–52, 107 S.Ct. 2095, 2103–04, 95 L.Ed.2d 697 (1987) (procedural safeguards, including requirement of written findings and reasons, sufficient to repel facial due process challenge to Bail Reform Act); *United States v. Moss,* 887 F.2d 333, 338 (1st Cir.1988) (per curiam) ("[w]ithout the required written statement supporting the detention ... we simply cannot undertake any meaningful appellate review"); *cf. United States v. Tortora,* 922 F.2d 880, 883 (1st Cir.1990).

■ We hold that, if the district court enters an order for pretrial release containing a financial condition that a defendant in good faith cannot fulfill, then in such event, when the defendant makes known to the court that the stipulated condition of release is unattainable (as the defendant did, in this case, by his motion for reconsideration), then the court, if it hews to the financial requirement, must explain its reasons for determining that the particular requirement is an indispensable component of the conditions for release. Hence, the instant matter must be remanded for compliance with § 3142(i) and Fed.R.App.P. 9(a). In doing so, we in no way intimate that the district court's insistence on a $200,000 bond was substantively incorrect. Indeed, on the record before us, it might persuasively be argued that the district court would have been justified had it ordered detention outright under 18 U.S.C. § 3142(e), on the ground that *no* conditions of release could reasonably have assured Mantecon–Zayas' presence at trial. *Cf. United States v. Palmer–Contreras,* 835 F.2d 15, 18 (1st Cir.1987) (per curiam) (de-

under section 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing pursuant to section 3142(f) and order the defendant detained, if appropriate. The reasons for the judicial officer's conclusion that the bond was the only condition that could reasonably assure the appearance of the defendant, the judicial officer's finding that the amount of the bond was reasonable, and the fact that the defendant stated that he was unable to meet

this condition, would be set out in the detention order as provided in section 3142(i)....

5. Even if we set aside the order's alleged detentive effect, and read it as a straightforward release order, the document does not on its face satisfy Fed.R.App.P. 9(a), which states: "Upon entry of an order refusing or imposing conditions of release, the district court shall state in writing the reasons for the action taken."

tention order justified on risk of flight grounds where defendants, though mere "mules," were caught with 195 kilograms of cocaine and implicated in a conspiracy that involved large amounts of cocaine and the use of airplanes and radios). The sticking point here is not whether the district court *could have* justified its decision, but that the court did not do so in the manner prescribed by statute.

The matter is *remanded* to the district court for further proceedings consistent with this opinion. The district court will report its findings of fact and statement of reasons to this court as soon as possible. This court will retain appellate jurisdiction, and the district court's release order of October 9, 1991 will remain in effect while those proceedings are pending.