**UNITED STATES of America, Plaintiff,**

v.

**Betty LEMOS, et al., Defendants.**

**Crim. No. 94-406.**

United States District Court,
D. New Jersey.

Feb. 10, 1995.

---

Alberto Rivas, Asst. U.S. Atty., Office of U.S. Atty., Newark, NJ, for plaintiff.

Jeffrey A. Bronster, DeCotiis, Philips, Lundsten & Bronster, Roseland, NJ, for defendants.

## MEMORANDUM OPINION

WOLIN, District Judge.

This matter is opened before the Court upon the appeal of defendant Raphael Hernandez from the Order of Magistrate Judge Hedges denying a reduction of his bail. The Court has heard the oral arguments of counsel and reviewed their written submissions. For the reasons given below, the Court will deny the appeal and affirm the decision of the Magistrate.

## DISCUSSION

Defendant is one of eighteen defendants charged with conspiracy to distribute cocaine. At defendant's initial appearance before Magistrate Judge Chesler, the government did not move for a detention hearing. Judge Chesler set defendant's bail at $25,000. Defendant moved for a reduction of bail to $2,500 before Judge Hedges. Defendant asserted as grounds his inability to raise $25,000.

Judge Hedges denied defendant's motion and he now brings this appeal. Defendant argues that the Bail Reform Act of 1984 entitles him to bail set at an amount he can afford. Therefore, it is argued that Judge Hedges' refusal to reduce defendant's bail to $2,500 was wrong as a matter of law.

The release or detention of a defendant pending trial is governed by the "carefully structured system" of 18 U.S.C. § 3142. *United States v. Wong–Alvarez*, 779 F.2d 583, 584 (11th Cir.1985). Two subsections of that statute pertain to the situation at hand. Subsection (c) is titled "Release on conditions." If the judicial officer finds that defendant's release on his own recognizance or unsecured appearance bond will not reasonable assure defendant's appearance at trial or will endanger the safety of the community, the officer may order defendant's release subject to one or more conditions from a list provided. 18 U.S.C. § 3142(c). If, on the other hand, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person and/or the safety of the community, the defendant may be detained without bail. 18 U.S.C. § 3142(e).

A condition precedent to detention without bail under subsection (e) is that a hearing be held as provided in subsection (f). Subsection (f) requires that the hearing be held immediately upon the defendant's first appearance before a judicial officer. The de-

fendant has the opportunity to present and cross-examine witnesses. Under subsection (e), a presumption arises that no condition of release will reasonably assure the safety of the public where the defendant is charged with conspiracy to distribute cocaine. *Id.* § 3142(e)(1) (cross-referencing section 3142(f)(1)(C)).

■ Here it is conceded that bail was set pursuant to subsection (c). Subsection (e) was not invoked and no detention hearing was held. Defendant's argument relies on the penultimate sentence of that subsection which reads: "The judicial officer may not impose a financial condition that results in the pretrial detention of the person." *Id.* § 3142(c)(2). Accordingly, defendant argues subsection (c) entitles him to bail set at an amount he can afford to pay.

The representations of counsel and this Court's research indicate that this is a matter of first impression in this Circuit. The Court has surveyed the case law in other circuits and finds that the weight of authority and the better reasoned opinions are contrary to defendant's position. ·

Courts confronted with this situation have resorted to the legislative history. This history, really in the form of a commentary, provides a chart for courts navigating the complexities of section 3142.

[S]ection 3142(c) provides that a judicial officer may not impose a financial condition of release that results in the pretrial detention of the defendant. The purpose of this provision is to preclude the sub rosa use of money bond to detain dangerous defendants. *However, its application does not necessarily require the release of a person who says he is unable to meet a financial condition of release which the judge has determined is the only form of conditional release that will assure the person's future appearance.* Thus, for example, if a judicial officer determines that a $50,000 bond is the only means, short of detention, of assuring the appearance of a defendant who poses a serious risk of flight, and the defendant asserts that, despite the judicial officer's finding to the contrary, he cannot meet the bond.... then it would appear that there is no available condition of release that will assure the defendant's appearance. This is the very finding which, under section 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing pursuant to section 3142(f) and order the defendant detained, if appropriate. The reasons for the judicial officer's conclusion that the bond was the only condition that could reasonably assure the appearance of the defendant, the judicial officer's finding that the amount of the bond was reasonable, and the fact that the defendant stated that he was unable to meet this condition, would be set out in the detention order as provided in section 3142(i)(1). The defendant could then appeal the resulting detention pursuant to section 3145.

S.Rep. No. 98–225, 98th Cong., 1st Sess., at 16, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3199 (emphasis added). This passage has been relied on by *United States v. Mantecon–Zayas,* 949 F.2d 548, 550–51 (1st Cir. 1991); *United States v. McConnell,* 842 F.2d 105, 108 (5th Cir.1988); *United States v. Jessup,* 757 F.2d 378, 388–89 (1st Cir.1985); *United States v. Maull,* 773 F.2d 1479, 1482 (8th Cir.1985); *United States v. Gotay,* 609 F.Supp. 156, 158 (S.D.N.Y.1985); *see also Wong–Alvarez,* 779 F.2d 583 (11th Cir.).[1]

Defendant has not addressed Congress's explanation of the statute quoted above, but attempts to avoid it by arguing that this Court may not consider the legislative history. Defendant cites Supreme Court and Third Circuit cases holding that, where the statutory language is clear, the Court must adhere to its plain meaning and not delve into questions of Congressional intent. Defendant's Brief at 8–9 (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Friederich v. U.S. Com-*

---

1. The Court has reviewed the authorities from other circuits that defendant claims mandate a right to affordable bail. The Court will not discuss each in turn, except to note that they do not all provide the clear support for his position that defendant claims. To the extent that they do suggest that a defendant is entitled to bail he can afford, the Court declines to follow them.

*puter Servs.*, 974 F.2d 409 (3d Cir.1992); *United States v. Knox*, 977 F.2d 815, 819 (3d Cir.1992)).

The Court does not quibble with this basic canon of statutory interpretation, but finds that it does not support the defendant's argument. First, the statute's plain meaning does not preclude the interpretation put on it by the legislative history and the authorities that rely on it, because section 3142 specifically provides for pre-trial detention. The reasoning of the Senate Report and the case law that a financial condition beyond defendant's reach is a *de facto* section 3142(e) detention order is reasonable and does no violence to the letter of the statute.

■ Second, to the extent the proscription of detention on a financial condition conflicts with the power of the Court to detain on a reasonable condition, the statute either contains a latent ambiguity, or is incomplete. This is illustrated by the argument *ad absurdum* employed by other courts and alluded to by this Court in oral argument. Under defendant's interpretation, where the Court finds that a financial condition would assure the defendant's appearance, an indigent defendant must be released on no bail at all. *Wong–Alvarez*, 779 F.2d at 584; *Gotay*, 609 F.Supp. at 157. The internal contradiction in this result is obvious. Accordingly, looking to the legislative history would not violate the plain meaning rule, because the statutory language is not clear on its face as to how courts should deal with this situation. *Cf. Friederich*, 974 F.2d at 419 (court may not look to Congressional intent where statute unambiguous).

■ Finally, the authorities cited by defendant contain an exception where it is sufficiently clear that Congressional intent is contrary to the letter of the statute. The statutory language is conclusive, "absent a clearly expressed legislative intention to the contrary." *GTE Sylvania*, 447 U.S. at 108; *Knox*, 977 F.2d at 819. Here the legislative history is not a statement of broad policy or vague aims upon which the Court must put its own gloss to arrive at a conclusion. On the contrary, the passage quoted is a specific instruction as to how the statute is supposed to operate when a court is faced with a situation like the one at bar. Thus, even if the statute unequivocally supported the reading that detainees have a right to bail they can afford, the Senate Report is a clear statement that Congress had a completely different result in mind.

■ The Court finds that the method set out in the legislative history for dealing with persons unable to meet reasonable bail conditions, as adopted by the authorities cited, is both sensible and logically consistent with the letter of the statute. Moreover, where the amount of bail is reasonable, it cannot be said that the financial condition is the "sub rosa detention order" that concerned Congress. S.Rep. 98–225. Where it has already been determined that only a certain financial condition on release will sufficiently assure defendant's appearance for trial, and it is shown that defendant cannot meet the financial condition, then, as in subsection (e), "no condition or combination of conditions will reasonable assure the appearance of the person." 18 U.S.C. 3142(e); *compare* S.Rep. 98–225 ("no *available* condition") (emphasis added).

Because the inability to meet a financial condition imposed under subsection (c) has the same effect on the defendant as a detention order under subsection (e), courts have readily extended the analogy to require the same procedural protection subsection (e) provides. As previously noted, subsection (e) requires that the Court hold a detention hearing before a detention order may issue. In some cases that consider the defendant's inability to make bail, detention hearings had already been held. Thus, in *Mantecon–Zayas*, 949 F.2d 548, the case was remanded for findings of fact where the lower court had held a hearing but had not articulated the factual basis for requiring a certain amount of bail. In other cases, the opinions on appeal are unclear as to whether defendant had yet been afforded an full evidentiary hearing. *McConnell*, 842 F.2d 105; *Jessup*, 757 F.2d 378. Nonetheless, on remand, the district court was to make factual findings why the financial condition was necessary. *McConnell*, 842 F.2d at 110.

In this case, it is not disputed that defendant cannot meet the financial condition because he is unable to post the $25,000 security imposed by the Magistrate. No detention hearing has been held in this case to date, presumably because defendant initially was granted the opportunity for conditional release.

Thus, defendant was not granted a detention hearing upon his first appearance before Judge Chesler. Defendant argues that this means he must be released without further inquiry, because he was not granted a detention hearing "immediately upon his first appearance" as required by subsection (f). The Court disagrees. The Eighth Circuit addressed this situation in *Maull,* 773 F.2d at 1482–84. The Court of Appeals reasoned that a district court's power to review the magistrate's bail determination *de novo* required that the court be able to hold a detention hearing when it decides to overturn the decision below and issue a detention order.

The *Maull* court relied on the Third Circuit's opinion in *United States v. Delker,* 757 F.2d 1390 (3d Cir.1985). In that case the government appealed a grant of bail by the magistrate after a detention hearing had been held. The district court held a second detention hearing and issued a detention order. The Third Circuit approved the practice over defendant's argument that the later hearing violated the "first appearance" requirement. *Id.* at 1393–94.

■ These cases teach that a detention hearing is within the "first appearance" prescription of 3142(f) when it is held promptly upon the possibility of a detention order being raised, by government motion, appeal or otherwise. Here defendant was initially granted bail and so no hearing was necessary. Defendant successfully moved to have that bail reduced. Now defendant's penury means that the reduced bail is a *de facto* detention order. The Magistrates and the government can hardly be faulted for failing to divine that defendant would be unable to post the relatively modest bail called for. Nor, it being a matter of first impression, can

they be faulted for not perceiving the need for a hearing in the case of a defendant unable to raise reasonable bail. Thus the possibility of a detention order in this case is only now before the Court, and a detention hearing should not be barred by the passage of time.

■ However, just because a detention hearing is permissible, the Court need not hear live testimony. The Court is mindful of its responsibility to make specific findings of fact, and to preserve to the defense the procedural protections afforded by the statute. *See Mantecon–Zayas,* 949 F.2d at 551 (procedural requirements of the Bail Act "not merely a matter of form"). However, the Third Circuit has held that the defendant's procedural rights under the statute are respected where the court rules on proffers of evidence. *Delker,* 757 F.2d at 1395–96. Whether the Court proceeds by live testimony or proffer is within its discretion. *Id.* at 1396.

Through his written submissions, oral arguments of counsel, and in his own affidavit, defendant has made numerous representations as to what he would attempt to show at an evidentiary hearing. Defendant maintains that he has had ties to a nearby community "for decades." Transcript of Hearing held January 31, 1995 ("Tr.") at 10. He lives there with his wife and young daughter. *Id.* He represents that he has no money or other resources with which to flee. As to the crime for which defendant is charged, he argues that he was a peripheral figure.[2] Moreover, he maintains that the evidence against him is scanty. Finally, defendant represents that he has no record of prior arrest or conviction. Defendant's Brief at 15.

■ The Court is willing to assume the truth of each of these statements of fact for the purposes of this motion. Unfortunately for the defendant, they do not outweigh the basic circumstances of his predicament. These circumstances require a finding that $25,000 bail is both a necessary and reason-

---

**2.** Hernandez is accused of building secret compartments into vehicles so that the drugs could be transported.

able condition for his release. Of course, it is the government's burden to show that there is a risk of flight by a preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir.1986). However, the facts cited below in favor of detention are either admitted or are not open to reasonable dispute. They amply support the finding here. As a result, no purpose would be served by an evidentiary hearing on the factual issues.

The Court begins with the seriousness of the charges against the defendant. If found guilty, he may be sentenced to a mandatory minimum of ten years to life in prison. Defendant admits that his role as alleged is not so peripheral as to diminish the gravity of a guilty verdict. Tr. at 9–10. Lack of evidence against him is countered by the fact that the grand jury found probable cause to indict on such a serious offense. Moreover, the government claims to have intercepted telephone calls between defendant and other alleged conspirators. It is beyond the scope of this motion to assess defendant's claim that his voice was not the one intercepted. If authenticated, the intercepted conversations may provide powerful evidence of guilt, and so weigh against a reduced bail. *See* Tr. at 16 (defendant admits that the government's interpretation of the tapes is in good faith).

Second, it is admitted that defendant is an auto mechanic. The Court draws the inference from this fact that he has ready access to automobiles in which to flee. Thus, despite defendant's lack of funds, defendant is not prevented from fleeing by lack of opportunity. Furthermore, the facts alleged by the government suggest a large, well-funded conspiracy transporting substantial amounts of drugs. Where a defendant may be a member of such an organization, the Court cannot ignore the possibility that resources might be available to aid defendant's flight from justice, despite a dearth of personal funds.

Finally, the Court has too much experience with cases of this type, where defendants are exposed to substantial amounts of jail time, to place disparate dispositive weight on the presence of a family, or ties to the community.

The Court also notes that defendant admits that his sister owns a house, but is unwilling to post it as security against his appearance at trial. Affidavit of Hernandez ¶¶ 6–7. Defendant admits that the sister has cut off all communication with him. *Id.* The fact that a relative is unwilling to risk a major asset on defendant's return weighs in favor of finding a risk of flight. Defendant argues that the reluctance to put up the house may be based on circumstances entirely unrelated to defendant's trustworthiness. The Court agrees. However, as the record stands now, this factor cuts against defendant's application. As provided below, defendant will have the opportunity to present evidence of facts that would explain the sister's reluctance to cooperate, if indeed they exist.

Based on these facts, the Court finds that defendant's proposal for bail set in the amount of $2,500 is patently insufficient. The Court also finds that the other, non-monetary conditions of release listed in section 3142(c) are also not adequate. Where charges are serious and a defendant may face a lifetime in prison, the requirement of financial security has a unique property. It provides something of real value to the defendant that the government can control in lieu of the defendant's person. The other conditions of release urged by defendant, such as house arrest, random phone checks and the like, do not provide this type of concrete assurance that defendant will not run.

In light of the foregoing, the Court finds that $25,000 bond is both a reasonable and necessary condition of release. To serve its intended purpose, bail must be proportionate to the defendant's liability. Where there is a potential for substantial time in prison, the financial security must be correspondingly substantial. The Court finds that the amount required here is already low in comparison to that imposed in other cases of this type. Therefore the Court will affirm the decision of Judge Hedges. If defendant is unable to meet the financial requirement, then no available condition or combination of

conditions will assure his appearance at trial.[3]

An additional point must be made. The Court has based its decision on the facts as discussed above. The Court is satisfied that the record is complete enough to support the decision reached here. However, in an excess of caution, and to comport with the spirit of the protections afforded defendants by the Bail Reform Act of 1984, the Court invites defendant to move for reconsideration of this decision if he can make a proffer of a factual showing not considered already. Of course, the government is free to make an opposing proffer in the event of a motion to reconsider. The government's opposition may call into question the facts assumed *arguendo* today, as well as any new facts proffered by defendant. The Court does not rule out the possibility that an evidentiary hearing may be necessary if dispositive facts are contested.

The Court has already made the legal finding that bail set higher than defendant can pay works as a *de facto* detention order, thus implicating the requirement of factual findings in section 3142(e). However, another procedural aspect of subsection (e) may also be implicated. As noted above, where an evidentiary hearing is held concerning a detention order, and the defendant is charged under the drug conspiracy statute, a rebuttable presumption arises that no condition or combination of conditions would adequately assure appearance for trial or the safety of the community. 18 U.S.C. § 3142(e).

The Court need not reach this issue of statutory construction at this point, because it is satisfied that, even without the presumption, the facts show that the $25,000 bail requirement should be upheld. If there is a motion to reconsider, the Court expects this issue to be fully briefed.

**3.** Defendant also makes an argument based on due process that, by the time trial is complete, he will be entitled to release by virtue of the duration of his pre-trial detention. Defendant's Brief at 15–16. The cases he cites do not support release in this case. *United States v. Accetturo*, 783 F.2d 382 (3d Cir.1986); *United States v. Lopez*, 827 F.Supp. 1107 (D.N.J.1993). Defendant has not yet been detained an unconstitution-

## CONCLUSION

For the reasons given above, the appeal is denied and the decision of Magistrate Judge Hedges imposing a condition of $25,000 bond for the release of defendant is affirmed.

ally excessive amount of time. *See Accetturo*, 783 F.2d 382 (5 months did not violate due process; remand on evidentiary grounds). Nor is there a showing of government delay. *Compare Lopez*, 827 F.Supp. at 1112; *see also United States v. Scarpa*, 815 F.Supp. 88 (E.D.N.Y.1993). The Court is confident that the disposition of the matter *infra* will cure any possibility of a due process violation.