72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Duane TIRADO, Defendant-Appellant.
 No. 95-4226.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1995.
 
 Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals a district court order which denies his motion to amend the conditions of bond. Now before the court is the defendant's motion for release pending this appeal and a motion to stay all district court proceedings pending this appeal. The government has filed a response in opposition.
 
 
 2
 The materials before the court are limited. However, we are able to determine that an indictment was entered against the defendant for possession of a firearm by a felon. The defendant did not appear at the initial arraignment, for reasons which are in dispute, and a warrant for his arrest was issued. The defendant was arrested in Youngstown, Ohio, and there appeared before a magistrate who issued an order setting conditions of the defendant's release. That order provided, among other things, that the defendant post an unsecured bond in the amount of $15,000. The defendant executed the bond and was released. After some additional delay, he appeared in district court in Cleveland, Ohio, on November 1, 1995, for his arraignment and to enter a plea. Following the entry of plea and a scheduling of the trial date, the district court indicated that the defendant's release would be conditioned not upon an unsecured bond, but on a ten percent bond. Defendant objected. The district court adopted the ten percent bond requirement and closed the hearing by advising defendant that if he were unable to post the bond, he could so advise the court and his continued detention would be examined. Defendant's counsel then stated "it would be my request that a detention hearing be set."
 
 
 3
 The following day, defendant filed a motion to amend the conditions of bond, or, if such conditions were not amended, to enter a detention order pursuant to 18 U.S.C. Sec. 3142(i). The government responded in opposition to the motion. The district court issued an order on November 9, 1995, which denied the motion to amend the bond conditions. Therein, the district court stated that based on the information before him, release of the defendant on personal recognizance or upon an unsecured bond would not reasonably assure the appearance of the defendant. The court further stated that if counsel were to "request a Detention hearing, such hearing will be scheduled forthwith." From that order, the defendant appeals and moves for his release.
 
 
 4
 It is not entirely clear from the papers before the court what the defendant claims to be error. The argument that bond may only be set at a rate which a defendant can afford to pay has been rejected. United States v. McConnell, 842 F.2d 105, 107 (5th Cir.1988). Case authority does suggest that when a district court determines a bond is necessary to assure the defendant's appearance at trial and the defendant is unable to post the bond, the court must explain its reasons for requiring the bond. See United States v. Mantecon-Zayas, 949 F.2d 548 (1st Cir.1991). In such a case, it is entirely appropriate for the court to proceed with a detention hearing. United States v. Westbrook, 780 F.2d 1185 (5th Cir.1986); United States v. Maul, 773 F.2d 1479 (8th Cir.1985). A detention hearing has not been conducted in this case, but the district judge has twice expressed his willingness to promptly schedule such a hearing. While initially seeming to desire such a hearing, defendant's counsel now asserts in an affidavit that such a hearing would be a "vain act" and "little more than a formality, prolonging the Defendant's unlawful detention." Yet, in this posture, where a hearing has not been conducted and an order has not been issued under 18 U.S.C. Sec. 3142(i), review by this court is premature. Therefore, this appeal shall be dismissed.
 
 
 5
 The defendant has also moved for a stay of all further trial court proceedings pending this appeal. He argues that he has not had adequate time to prepare for trial, which is presently scheduled to commence on Tuesday, November 21, 1995. A continuance of trial, like the matter of detention, is properly addressed to the district court at this time.
 
 
 6
 Therefore, it is ORDERED that the motion for release and the motion to stay district court proceedings are denied. It further is ORDERED that this matter is remanded to the district court for further proceedings as appropriate.