10-0373-cr
United States v. Banki

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of March, two thousand ten.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,[*]
> > *District Judge*.

———————————————————————

UNITED STATES OF AMERICA,
> *Appellee,*

v.                                                        No. 10-0373-cr

MAHMOUD REZA BANKI,
> *Defendant-Appellant.*

———————————————————————

FOR APPELLEE:                         E. DANYA PERRY, Assistant United States Attorney for the Southern District of New York, New York, N.Y.

FOR DEFENDANT-APPELLANT:     CHRISTINE H. CHUNG, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, N.Y.

———————————

[*]The Honorable Timothy C. Stanceu of the United States Court of International Trade, sitting by designation.

Appeal from a January 21, 2010 order of detention pending trial entered in the United States District Court for the Southern District of New York (Keenan, *J.*). **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED**, that the order of the district court is **AFFIRMED**.

We begin by noting the deferential posture we must assume when reviewing a district court's order of detention. Accordingly, we "will not reverse except for clear error, *i.e.*, unless 'on the entire evidence we are left with the definite and firm conviction that a mistake has been committed.'" *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)); *see also United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) ( "The setting of bail is a matter committed to the sound discretion of the district court.").

A district court may deny bail if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In seeking pre-trial detention, the government faces a "dual burden": "First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. If it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). The ultimate determination of whether any conditions will assure defendant's appearance is a mixed question of law and fact, *see United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and this Court will set aside a determination if it is based on a mistake of law, *see Shakur*, 817 F.2d at 197.

With respect to the first issue, we hold that the district court did not clearly err in considering the facts—including, *inter alia*, the lengthy and onerous maximum penalties to which defendant-appellant was exposed and the strength of his ties to Iran—and concluding that Mr. Banki's release would pose a serious risk of flight.

With respect to the second required showing, Mr. Banki argues that the district court erred as a matter of law in rejecting his proposal that he be released on home confinement enforced by private security guards financed at his expense. Mr. Banki contends that our decision in *Sabhnani* entails a legal obligation on district courts to evaluate whether such privately-financed home confinement would suffice to secure a defendant's attendance. *Sabhnani* does not impose such a requirement. In that case, rather, we concluded that the government's argument that no conditions of release could prevent defendants' flight was "undermine[d]" by its own submission, which argued only that the defendants' proposal contained certain loopholes, which the defendants promptly agreed to close by accepting the government's proposed amendments to its plans. *Sabhnani*, 493 F.3d at 78. Thus, far from requiring such private monitoring, we stated that because the government had not opposed the private monitoring plan in principle, we had "no occasion to consider whether it would be 'contrary to principles of detention and release on bail' to allow wealthy defendants 'to buy their way out by constructing a private jail.'" *Id.* at 78 n.18 (quoting *Borodin v. Ashcroft*, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001)). We remain troubled by that possibility.

Moreover, there are issues regarding the nature of the security that would be provided by such an arrangement, and the additional costs to the government in supervising such an arrangement, that persuade us that it is not legal error for a district court to decline to accept such

3

a condition of release as a substitute for detention. (Indeed, such conditions might be best seen not as specific conditions of release, but simply as a less onerous form of detention available only to the wealthy.) At any rate, because the only issue actually decided in *Sabhnani* was the adequacy of the particular terms of the proposed monitoring arrangement, we did not there hold that district courts routinely must consider the retention of self-paid private security guards as an acceptable condition of release before ordering detention.

As for the district court's ultimate finding that Mr. Banki should be detained because no combination of conditions of release could reasonably assure his presence at trial, we have reviewed the record and the factors listed in 18 U.S.C. § 3142(g)—factors carefully considered by the district court—and we conclude that Mr. Banki has failed to show clear error in the district court's finding and also that the district court did not make an error of law in reaching the decision it did. *Shakur*, 817 F.2d at 196-97.

Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4