19-1018-cr
*United States v. Boustani*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 19-1018-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

JEAN BOUSTANI, AKA JEAN BOUSTANY,
*Defendant-Appellant.*[*]

On Appeal from the United States District Court
for the Eastern District of New York

ARGUED: MAY 14, 2019
DECIDED: AUGUST 1, 2019

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Before: CABRANES, HALL, *Circuit Judges*, and STANCEU, *Judge*.*

---

Defendant-Appellant Jean Boustani ("Boustani") appeals from a March 28, 2019 order of the District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*) denying Boustani's bail application and directing that he be detained pending trial. We affirmed the District Court's order by order on May 16, 2019. We write to explain that decision and to clarify the circumstances under which the Bail Reform Act permits a District Court to release a defendant pending trial pursuant to a condition that the defendant pays for private armed security guards.

---

> MARK E. BINI (David C. James and Hiral D. Mehta, *on the brief*), Assistant United States Attorney, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee.*
>
> RANDALL JACKSON (Michael S. Schachter and Casey E. Donnelly, *on the brief*), Willkie

---

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Farr & Gallagher LLP, New York, NY, *for Defendant-Appellant*.

———————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-Appellant Jean Boustani ("Boustani") appeals from a March 28, 2019 order of the District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*) denying Boustani's bail application and directing that he be detained pending trial. We affirmed the District Court's order by order on May 16, 2019. We write to explain that decision and to clarify the circumstances under which the Bail Reform Act permits a District Court to release a defendant pending trial pursuant to a condition under which the defendant would pay for private armed security guards.

## I.     BACKGROUND

Boustani is charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; conspiracy to commit securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 18 U.S.C. §§ 371; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a) and (h).

Boustani filed an application for bail pending trial, proposing a set of conditions that included home confinement under the supervision of private armed security guards, to be paid for by Boustani. The Government opposed Boustani's request and argued that he should be detained pending trial because he was a flight risk.

The District Court denied Boustani's bail application, and Boustani appealed. We affirmed the District Court's order without prejudice to further bail applications before the District Court.[1] Boustani then filed another bail application, which the District Court again denied on March 28, 2019. Boustani now appeals from the District Court's order denying his second bail application. After oral argument on May 14, 2019, we affirmed the District Court order by order on May 16, 2019.

## II.    DISCUSSION

We review a district court's order of detention for clear error and will reverse only where "on the entire evidence we are left with the definite and firm conviction that a mistake has been committed."[2]

Under the Bail Reform Act, a court is required to order the pretrial release of a defendant on personal recognizance or after execution of an appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."[3] If the court finds that a defendant poses a risk of flight, it must release him "subject to the least restrictive further condition, or combination of conditions,

---

[1] *See United States v. Boustani*, No. 19-344, 2019 WL 2070656, at *1 (2d Cir. Mar. 7, 2019).

[2] *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted).

[3] 18 U.S.C. § 3142(b).

4

that . . . will reasonably assure the appearance of the person."[4] The court must order detention, however, if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[5] In determining whether any condition or combination of conditions is sufficient, a court should consider several factors, including: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release.[6]

The Government bears the burden of proving by a preponderance of the evidence both that the defendant "presents an actual risk of flight" and that "no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court."[7]

We have previously recognized that, in limited circumstances, a court may release a defendant subject to conditions of home confinement in which, among other things, the defendant pays for private armed security guards.[8] In *United States v. Sabhnani*, we first

---

[4] 18 U.S.C. § 3142(c)(1)(B).

[5] 18 U.S.C. § 3142(e).

[6] 18 U.S.C. § 3142(g); *Sabhnani*, 493 F.3d at 76 & n.16.

[7] *Sabhnani*, 493 F.3d at 75.

[8] *Id.* at 77–78.

acknowledged that such home confinement, combined with other restrictive conditions, may suffice to reasonably assure the defendant's appearance in court. We noted in that case, however, that we had "no occasion to consider whether it would be contrary to principles of detention and release on bail to allow wealthy defendants to buy their way out by constructing a private jail."[9] We observed that the defendants in that case were likely *denied* bail because of their wealth and that defendants of "lesser means . . . might have been granted bail in the first place."[10]

Since *Sabhnani*, however, we have highlighted our concerns regarding *granting* bail to defendants because of their wealth. In non-precedential summary orders, we have observed that pretrial release pursuant to, *inter alia*, conditions such as supervision by privately hired security guards may not be appropriate for wealthy defendants when similarly situated defendants of lesser means would be detained.[11] And we have noted that district courts need not routinely consider "the retention of self-paid private security guards," which

---

[9] *Id.* at 78 n.18 (internal quotation marks omitted).

[10] *Id.*

[11] *See, e.g.*, *United States v. Esposito*, 749 F. App'x 20, 24 (2d Cir. 2018) (non-precedential summary order).

may be best understood as "a less onerous form of detention available only to the wealthy."[12]

We now expressly hold that the Bail Reform Act does not permit a two-tiered bail system in which defendants of lesser means are detained pending trial while wealthy defendants are released to self-funded private jails. It is a fundamental principle of fairness that the law protects "the interests of rich and poor criminals in equal scale, and its hand extends as far to each."[13] To interpret the Bail Reform Act as requiring district courts to permit wealthy defendants to employ privately funded armed guards where an otherwise similarly situated defendant without means would be detained would violate this core principle. Such a two-tiered system would "foster inequity and unequal treatment in favor of a very small cohort of criminal defendants who are extremely wealthy."[14]

That said, the private-security condition we described in *Sabhnani* may be appropriate where the defendant is deemed to be a flight risk primarily *because of* his wealth. In other words, a defendant may be released on such a condition only where, *but for* his wealth, he would not have been detained. By contrast, if a similarly situated defendant of lesser means would be detained, a wealthy defendant

---

[12] *United States v. Banki*, 369 F. App'x 152, 154 (2d Cir. 2010) (non-precedential summary order).

[13] *Smith v. Bennett*, 365 U.S. 708, 714 (1961).

[14] *United States v. Zarrab*, No. 15 CR 867, 2016 WL 3681423, at *13 (S.D.N.Y. June 16, 2016) (Richard M. Berman, *J.*).

cannot avoid detention by relying on his personal funds to pay for private detention. Such a limitation on private-security conditions ensures that the standards of the Bail Reform Act are applied equitably to all defendants.

In the instant appeal, Boustani does not challenge the District Court's finding that he poses a risk of flight. Instead, he argues that the District Court erred in finding that no conditions or combination of conditions would reasonably assure his appearance in court.

In ruling on Boustani's initial bail application, the District Court found that he poses a risk of flight based on several factors.[15] First, the District Court noted the seriousness of the charged offenses and the lengthy possible sentence Boustani would face if convicted.[16] Second, without drawing any conclusions about the merits of the case, the District Court found that the evidence against Boustani "appears strong."[17] Third, the Court considered Boustani's personal characteristics, including his "alleged deceptive actions, access to substantial financial resources, frequent international travel, complete lack of ties to the United States, and extensive ties to foreign countries without extradition."[18] Having evaluated "the totality of

---

[15] *United States v. Boustani*, 356 F. Supp. 3d 246, 252–55 (E.D.N.Y.), *aff'd*, No. 19-344, 2019 WL 2070656 (2d Cir. Mar. 7, 2019).

[16] *Id.* at 252.

[17] *Id.* at 253.

[18] *Id.* at 255.

the circumstances," the District Court found that "the Government has shown by a preponderance of the evidence" that Boustani poses "a serious risk of flight."[19]

The District Court further found that the Government had satisfied its burden of showing that no conditions or combination of conditions could reasonably assure Boustani's appearance in court. The District Court noted, among other considerations, that releasing Boustani to a privately funded jail would lead to disparate treatment between him and his co-defendants, who might pose flight risks for similar reasons but lack the financial resources available to Boustani.[20]

Boustani's amended bail application did not alter the District Court's conclusions that Boustani poses a flight risk and that no conditions or combination of conditions would reasonably assure his appearance in court.

The District Court's findings are not clearly erroneous. It is clear that the District Court did not rely primarily on Boustani's personal wealth in finding that he posed a flight risk. Rather, his wealth was one of many factors the Court considered. A similarly situated defendant of lesser means surely would be detained pending trial, and Boustani is not permitted to avoid such a result by relying on his own financial resources to pay for a private jail.

---

[19] *Id.*

[20] *Id.* at 258.

## III. CONCLUSION

For the foregoing reasons, the District Court's order of March 28, 2019, was affirmed by order on May 16, 2019.